Maria Crimi Speth (012574)
mcs@jaburgwilk.com
Aaron K. Haar (030814)
akh@jaburgwilk.com
Amir J. Sadeghi (039648)
ajs@jaburgwilk.com
**JABURG & WILK, P.C.**
1850 N. Central Avenue, Suite 1200
Phoenix, AZ 85004
Telephone: (602)248-1000
Facsimile: (602)248-0522

*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ESTATE OF RONALD S. GOLDSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>ARROWEDGE LLC, an Arizona limited liability company,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant Arrowedge, LLC ("Defendant") files this Notice of removal of the above-captioned action from the Superior Court of the State of Arizona in and for the County of Maricopa to the United States District Court for the District of Arizona, under 28 U.S.C. §§ 1331, 1441, and 1446. Removal is proper for the following reasons.

## I. THE STATE COURT ACTION

1. On June 23, 2026, Plaintiff Estate of Ronald S. Goldstein ("Plaintiff") filed a Complaint in the Superior Court of the State of Arizona in and for the County of Maricopa, captioned Estate of Ronald S. Goldstein v. Arrowedge LLC, an



JABURG WILK
LAW FIRM

Arizona limited liability company Case No. CV2026-026103 (the "State Court Action") See Exhibit A, for Complaint filed.

2. As of today's date, Defendant has not been formally served but did receive a copy of the complaint.

3. As of this filing, the State Court Action has not been tried, and no further proceedings have occurred.

## II. TIMELINESS OF REMOVAL

4. In accordance with 28 U.S.C. § 1446(b)(1), Defendant files this Notice of Removal within thirty (30) days after Defendant received initial pleading. Although, Defendant has not been formally served as of this date, he did receive a copy of the complaint on October 13, 2026. Therefore, this Notice of Removal is timely and proper under See 28 U.S.C. § 1446(b).

## III. GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

### A. LEGAL STANDARD

5. Under 28 U.S.C. § 1441(a), a Defendant may remove "any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction."

6. The District Courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. Whether a claim arises under federal law is governed by the well-pleaded complaint rule, under which federal jurisdiction exists when a federal question appears on the face of the Plaintiff's properly pleaded Complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### B. PLAINTIFF'S CLAIMS ARISE UNDER FEDERAL LAW

8. The Complaint expressly asserts claims under federal law. In particular, Plaintiff alleges claims for trademark infringement under 15 U.S.C. §1114 and 15 U.S.C. §1125 (Compl. ¶26; Count 1).



JABURG WILK LAW FIRM

JABURG WILK
LAW FIRM

9. Because Count 1 arises under the laws of the United States, this Court has original jurisdiction over the action under 28 U.S.C. § 1331, and the action is removable under 28 U.S.C. § 1441(a).

**C. SUPPLEMENTAL JURISDICTION OVER ANY STATE-LAW CLAIMS**

10. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so related to the federal claims that they form part of the same case or controversy under Article III. The state-law and federal claims arise from a common nucleus of operative fact, namely the use of a trademark. Accordingly, the entire action is removable. See 28 U.S.C. § 1441(c).

## IV. CONSENT OF ALL DEFENDANTS

11. Defendant is the only Defendant named in the State Court Action.

## V. VENUE

12. Venue is proper in this Court under 28 U.S.C. §§ 82 and 1441(a), because the United States District Court for the District of Arizona is the federal District Court for the district and division embracing the place where the State Court Action is pending.

## VI. PROCEDURAL REQUIREMENTS

13. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6, because no pleadings or orders were served upon Defendant in the State Court Action, LRCiv. 3.6(c), Defendant is contemporaneously filing a Motion for Extension of Time to file the State Court record.

14. Under 28 U.S.C. § 1446(d), promptly after filing this Notice, Defendant will give written Notice of Removal to Plaintiff and has filed a copy of this Notice with the Clerk of the Superior Court of the State of Arizona in and for the County of Maricopa. A copy of the Notice of Filing Notice of Removal is attached as Exhibit B.

15. Defendant has not filed a responsive pleading in the State Court Action. Defendant will respond to the Complaint within the time permitted by Federal Rule of Civil Procedure 81(c).

16. By removing this action, Defendant does not waive, and expressly preserves, all defenses, objections, and motions available under state or federal law, including without limitation defenses relating to personal jurisdiction, service of process, venue, and failure to state a claim.

17. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to submit briefing and to be heard before any remand.

## VII. CONCLUSION

WHEREFORE, Defendant respectfully gives notice that the State Court Action is removed from the Superior Court of the State of Arizona in and for the County of Maricopa to the United States District Court for the District of Arizona.

**DATED** this 26th day of October, 2026.

*/s/Maria Crimi Speth*
Maria Crimi Speth
Aaron K. Haar
Amir J. Sadeghi
**JABURG & WILK, P.C.**
1850 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004
*mcs@jaburgwilk.com*
*akh@jaburgwilk.com*
*ajs@jaburgwilk.com*

*Attorney for Defendant, Arrowedge, LLC*

JABURG WILK LAW FIRM

**ORIGINAL E-FILED** via Pacer and **COPY** of the foregoing emailed this 26th day of October, 2026 to:

Paul E. Deloughery, Esq.
Cassandra L. Sundblad, Esq.
**Sudden Wealth Protection Law, PLC**
7600 N. 15th St., Ste. 150
Phoenix, AZ 85020
Ph: (602) 443-4888
info@suddenwealthprotectionlaw.com

*Attorneys for Plaintiff Lorraine Goldstein, Personal Representative of the Estate of Ronald Goldstein*

*By: Ashley Segura*
ASHLEY SEGURA

JABURG WILK
LAW FIRM